CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 19, 2024

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JAMES GARFIELD SHUMATE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00199 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TRANSPORTATION OF NEW RIVER VALLEY REGIONAL JAIL, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*James Garfield Shumate, Pro Se Plaintiff; Julian F. Harf, SPILMAN, THOMAS & BATTLE, PLLC, Roanoke, Virginia, for Defendants.*

The plaintiff, James Garfield Shumate, a Virginia inmate proceeding pro se, alleges that jail officers failed to provide him with appropriate accommodation for his physical disability, namely travel in a handicapped equipped vehicle.  Now before me is the defendants' Motion to Dismiss Shumate's amended complaint and Shumate's responsive brief.  After a careful review of the record, I conclude that the Motion to Dismiss must be granted as to the Amended Complaint.  I will, however, grant Shumate an opportunity to file a Second Amended Complaint, naming a proper defendant or defendants and making a complete statement of his claims and the facts in support of those claims.

## I.  BACKGROUND.

The claims alleged in this action arose while Shumate was confined at the New River Valley Regional Jail (NRVRJ).  Shumate initially filed a Complaint against "Transportation of New River Valley Regional Jail [and] Unknown Officer." Compl. 1, ECF No. 1.  He alleged he is an amputee of his left leg and was "bound to a wheelchair at this time." and was not transported in a "suitable vehicle handicapped equipt[ed]." Compl. 4, ECF No. 1.  The court issued an Order allowing him to file an Amended Complaint, advising him that the jail departments could not be sued.  The Order expressly stated that the Amended Complaint "must be a new pleading to take the place of his current Complaint" and that it must "state sufficient facts about relevant events . . . and about what each defendant, personally, did or did not do that violated Shumate's constitutional rights."  Order 2–3, ECF No. 10.

Shumate thereafter filed an Amended Complaint naming five officers employed by NRVRJ.  He asserts that each of them had transported him from the jail to court and back on one or more occasions in 2022 and 2023, using a van that was not equipped for a handicapped inmate.  Shumate alleges that he "was made to crawl into and out of the van."  Am. Compl. 2, ECF No. 18.  As relief, Shumate seeks "upwards of 1 million dollars." *Id.* at 5.

A few days after the court docketed Shumate's Amended Complaint, he submitted an untitled document stating more detailed facts related to his claims.

The defendants' Motion to Dismiss asserts that Shumate's Amended Complaint fails to state a claim on which relief could be granted.  Specifically, the defendants liberally construe Shumate's unlabeled claims as being asserted under the Americans with Disabilities Act (ADA) and/or Section 504 of the related Rehabilitation Act (RA).  The motion argues that the Amended Complaint fails to allege facts demonstrating that Shumate has a protected disability that would qualify him to assert ADA or RA claims and that Shumate cannot sue the individual officers under the ADA or RA for damages.  Shumate has responded to the motion, making these arguments ripe for consideration.

## II.  DISCUSSION.

### A. The Motion to Dismiss Standard.

"A Rule 12(b)(6) motion to dismiss tests only 'the sufficiency of a complaint.'" *Mays ex rel. Mays  v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).[1]  In considering a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).  A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible

---

[1]  I have omitted internal quotation marks, alterations, and/or citations throughout this Opinion, unless otherwise noted.

claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* "[T]he court need not accept legal conclusions, threadbare recitals of the elements of a cause of action, or conclusory statements." *Langford*, 62 F.4th Cir. at 124.

"[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). Liberal construction, however, does not allow me to construct claims for Shumate based on conclusory statements alone. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not . . . without limits," and a reviewing court "cannot be expected to construct full blown claims from sentence fragments"); *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) ("A pro se plaintiff still must allege facts that state a cause of action.").

## B. Disability Claims.

As stated, Shumate's Amended Complaint fails to assert what type of claim he intends to bring. The defendants have understandably interpreted his claims as

arising under the ADA and the RA and Shumate has not protested this interpretation.

I find this construction of his claims to be appropriate.

It is undisputed that the ADA and RA may be applicable to inmates in state

prisons, but they do not support lawsuits for monetary damages against prison

employees acting in their individual capacities. *Baird ex rel. Baird v. Rose*, 192 F.3d

462, 472 (4th Cir. 1999); *McNulty v. Bd. of Educ. of Calvert Cnty.*, No. CIV.A. DKC

2003-2520, 2004 WL 1554401, at *6 (D. Md. July 8, 2004) (holding Section 504 of

the Rehabilitation Act does not permit actions against persons in their individual

capacities).  Rather, an ADA or RA claim for monetary damages will lie only against

the public entity or agency itself, or its directors or administrators in their official

capacities, if the alleged denial of disability accommodations also violated the

plaintiff's rights under the Fourteenth Amendment.  *Fauconier v. Clarke*, 966 F.3d

265, 280 (4th Cir. 2020).  More specifically,

> Title II of the ADA states that "no qualified individual with a disability
> shall, by reason of such disability, be excluded from participation in or
> be denied the benefits of the services, programs, or activities of a public
> entity, or be subjected to discrimination by any such entity."  42 U.S.C.
> § 12132.  A "qualified individual with a disability" is "an individual
> with a disability who, with or without reasonable modifications to rules,
> policies, or practices . . . or the provision of auxiliary aids and services,
> meets the essential eligibility requirements for the receipt of services or
> the participation in programs or activities provided by a public entity."
> 42 U.S.C. § 12131(2).  To state a claim for violation of Title II, the
> plaintiff "must allege that (1) [he] has a disability, (2) [he] is otherwise
> qualified to receive the benefits of a public service, program, or activity,
> and (3) [he] was excluded from participation in or denied the benefits
> of such service, program, or activity, or otherwise discriminated

against, on the basis of [his] disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).

*Latson v. Clarke*, 249 F. Supp. 3d 838, 856–57 (W.D. Va. 2017).

In his Amended Complaint Shumate names only individual jail officers and describes actions taken in their individual capacities for which they are not subject to suit for damages under the ADA or RA. Therefore, I will grant the defendants' Motion to Dismiss the Amended Complaint for failure to state a claim.

Because Shumate is acting without counsel to assist him and may be able to correct certain factual and legal deficiencies by filing a Second Amended Complaint, I do not find it appropriate to dismiss this action at this time. Shumate's Second Amended Complaint, if he chooses to file one, must include the following types of information: a detailed description of his disability or disabilities, the date and method of any requests he made for accommodations of that disability while confined at the NRVRJ, the responses he received to those requests, any physical harm he suffered from denial of the accommodation and how such harm occurred, and whether he was a pretrial detainee or a convicted felon at the time he sought the accommodations. Shumate could also consider naming a different defendant or defendants — someone or some entity or agency who had authority to provide the accommodation to which he believes he was entitled.

III. CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 38, is GRANTED; and

2. Shumate is GRANTED 30 days from the date of entry of this Order to file a Second Amended Complaint that makes a full and complete statement of his claims, names a defendant or defendants who can be sued under the ADA or RA for damages, and states sufficient facts in support of his claims. Failure to follow the court's directions may result in the dismissal of his lawsuit without further notice.

ENTER:   March 19, 2024

/s/  JAMES P. JONES
Senior United States District Judge